43 1006
f111 210

### No. 294.

THE STATE OF LOUISIANA VS. ROBERT WEST AND GABE CURTIS.

1. The judge, in his charge, may divest the case of all irrelevant matter found in arguments or in the pleadings.
2. The charge objected to, whether correct or incorrect, had no bearing on the guilt or innocence of the accused, and did not prejudice him, and therefore offered no ground of relief from the verdict and sentence.
3. An instruction by the court, in the trial of a case of larceny, that the issue was not whether a verdict would be a victory for or against a corporation, but whether the accused was guilty, was not a charge upon the facts. It only cautioned the jury to direct their attention to the real issue, which the line of argument might otherwise becloud.
4. The admissibility of the statement of a witness of information received, which led to the arrest of the fugitive from justice, will not afford ground of relief, although part of the statement be hearsay.
5. A witness who has testified in chief as to the good character of the accused, may, upon cross-examination, be examined as to a common report affecting his good character.

A PPEAL from the Eleventh District Court, Parish of Sabine. *Pierson, J.*

*D. C. Scarborough*, District Attorney, for the State, Appellee.

———

*W. G. McDonald*, *Ponder & Sorelle* and *T. C. Armstrong* for Defendant and Appellant:

In charging the jury in criminal cases the judge must limit himself to giving them a knowledge of the law applicable to the case. Rev. Stat., Sec. 1963.

The jury in all criminal cases shall be the judges of the law and the facts on the question of guilt or innocence, having been charged as to the laws applicable to the case by the presiding judge. Art. 168, Const. 1879.

Under these statutes the judge should carefully avoid giving the jury any indication of his own opinion touching the facts of the case or the guilt or innocence of the prisoner. 11 An., State vs. John Melvin, p. 537.

* * * But it is requisite that whatever facts the witness may speak to, he should be confined to those lying in his knowledge, whether they be things said or done, and should not testify from information given by others, however worthy of credit they may be. For it is found indispensable as a test of truth and to the proper administration of justice, that every living witness should, if possible, be subjected to the ordeal of a cross-examination, that it may appear what were his powers of perception, his opportunities for observation, his attentiveness in observing, the strength of his recollection, and his disposition to speak the truth. Greenleaf, Vol. 1, p. 134.

* * * But particular good or bad acts, or the reputation of having done them, can not be shown in proof or rebuttal of good character. Bishop on Crim Procedure.

* * * That on a trial for a particular crime, the State can not aid the proofs against the defendant by showing him to have committed another crime; even after he has put his character at issue, this can not be done. Bishop on Crim. Procedure, Sec. 1120. * * * Yet, not even on cross-examination, can his cause be prejudiced with the jury by testimony to any irrelevant guilt. Bishop on Crim. Procedure, Secs. 1123, 1124.

———

The opinion of the court was delivered by

BREAUX, J.   The defendants were tried upon a charge of larceny. West was convicted and Curtis acquitted.

West appeals and presents three bills of exceptions.

In the first bill he excepted to certain expressions in the court's charge to the jury.

In the second bill he objects to certain evidence to prove flight as hearsay.

In the last bill of exception, he states that there is error in the court's ruling in admitting a question to a witness who testified as to good character propounded on cross-examination by the District Attorney, as follows, viz.:

" If it was not generally reported that the accused was an ex-convict?"

The language of the charge objected to in the first bill is:

" Any verdict you may render will not be a victory for or against any corporation or person."

The court states as part of the bill, " that, in order that the line of argument by counsel before the jury might not prejudice the jury, or obscure the real issues, the jury were admonished that they should determine the question of guilt or innocence, and should lay aside any prejudice that they might have against corporations or negroes; that corporations had the same property rights as individuals; that a negro should not be convicted upon less cogent evidence than that required to convict a white man; and that the issue was not, whether a verdict would be a victory for or against a corporation, but whether the accused stood guilty of stealing the two bales of cotton with which they were charged."

The charge objected to was not damagingly argumentative nor such as to influence a jury to find an illegal verdict.

The comments were fair to the accused and not in the least such as to occasion bias on the part of the jury.

They contain no reference to the evidence and do not trench on matters of fact.

The second bill discloses that a witness had testified " that the prisoner had not only left the whereabouts of the crime and his home, but that he was informed that he had gone to Vanceville and Tyler, Texas, after leaving the scene of the crime, under an assumed name."

After this evidence had been written it was objected to as being hearsay.

Granted that the objection can now be heard, the evidence is competent.

The perpetrator had fled.

The witness, as explanatory of his pursuit, stated what information he received at the various places, by which he was enabled to follow up and capture the accused.

The flight is made evident by the action of the accused in leaving home immediately after the crime.

The effect of the evidence and not its admissibility was a proper subject for consideration.

The third bill of exception relates to the cross-examination by the State of a witness for the defense, who had. testified in chief to the good character of the accused. He was asked if it was not a general report that he was an ex-convict.

The question was not propounded for the purpose of establishing a particular fact, but to test the knowledge of the witness as to what the neighbors said of the accused and to put in evidence his bad reputation.

In order to grant a new trial on the ground of the improper admission of evidence, the application must establish a ground which operated to the prejudice of the accused. Stephens' Digest of the Law of Evidence.

The witness in answer having stated.that he only knew the prisoner as a servant, the question propounded does not vitiate the judgment.

Judgment affirmed.